IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRAVIS LEE THOMAS,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 22-CV-0078** |
| | : | |
| **DANIEL WADE,** *et al.*, | : | |
|     **Defendants.** | : | |

**MEMORANDUM**

**GALLAGHER, J.**                                                                                                **MARCH   28, 2022**

*Pro se* prisoner Travis Lee Thomas, an inmate currently incarcerated at SCI Smithfield, brings this civil action pursuant to 42 U.S.C. § 1983 asserting constitutional claims based on his allegedly illegal criminal prosecution in Berks County on charges of forgery and related offenses.  Named as Defendants in Thomas's Complaint are Diamond Federal Credit Union Bank Fraud Investigator Daniel Wade, Police Officer Joshua Knoblauch, and Police Detective Cory Huntsinger.  For the following reasons, the Court will grant Thomas leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.      FACTUAL ALLEGATIONS**

Thomas's allegations are brief.  He asserts that Wade made "false statement[s]" to Knoblauch and Huntsinger that on September 2, 2020 he "help[ed] to defraud Diamond Federal Credit Union at 1500 Ethan Drive Wyomissing PA" by depositing a $3,000 fraudulent check at an automated teller machine (ATM). (Compl. (ECF No. 1) at 7.)[1]  According to Thomas, an

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

affidavit of probable cause and an arrest warrant based on Wade's alleged false statements resulted in Thomas's illegal prosecution.  (Compl. at 5-9.)  More specifically, Thomas claims that Knoblauch and Huntsinger filed a criminal complaint against him that contained Wade's false statement regarding where the alleged crime occurred  (Compl. at 7).  Thomas alleges that Wade first told the officers that the alleged fraudulent deposit took place at "an outside ATM at 1500 Ethan Drive Wyomissing" but subsequently "switch[ed] his statement and told the officer[s] that the venue of the check fraud happen[ed] in Muhlenberg Township."  (Compl. at 10).  According to Thomas, the officers "kept the switching of venue of the crime to [themselves] and kept [him] in custody for several months."  (*id*.).

A review of public records indicates that Thomas was arrested by Knoblauch pursuant to a criminal complaint and charged with forgery, theft by deception, securing execution documents by deception, and conspiracy to commit each enumerated crime.  *See Commonwealth v. Thomas*, CP-06-CR-0001856-2021 (C.P. Berks).  Thomas plead guilty on January 19, 2022 to one count of forgery (unauthorized act in writing) and a related conspiracy count.  He was sentenced to a minimum of 291 days and maximum of 23 months.  Thomas did not appeal his conviction or sentence.  Based on his allegedly illegal prosecution, Thomas seeks compensatory damages in the amount of three million dollars.  (Compl. at 9.).

## II.   STANDARD OF REVIEW

The Court grants Thomas leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

---

[2]  Because Thomas is a prisoner, he must still pay the $350 filing fee in installments as required by the Prison Litigation Reform Act.

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678. As Thomas is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.  DISCUSSION

Thomas asserts constitutional claims against Wade, Knoblauch, and Huntsinger pursuant to § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  The Court understands Thomas to be asserting malicious prosecution claims under the Fourth Amendment.

#### A.  Claims Against Defendant Wade

Thomas cannot maintain his federal constitutional claims against Wade, an employee of Diamond Federal Credit Union, because Wade is not a state actor for purposes of § 1983. Whether a private entity or individual is acting under color of state law — i.e., whether the

3

defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Nothing allegedly done by Wade constitutes state action under the above tests. Indeed, the only allegation against Wade is that he provided "false statement[s]" to law enforcement that Thomas helped to "defraud [the Wyomissing] Diamond Credit Union." (Compl. at 7-8, 10.) This allegation that Wade alerted authorities to suspected bank fraud is insufficient to make Wade liable as a state actor under § 1983. "Complaining in person to the police or filing a civilian criminal complaint are not acts of the State; they are acts that anyone can do. Filing a report or a civilian complaint does not transform a private citizen into a State actor." *Sous v. Timpone*, Civ. A. No. 15-7972, 2016 WL 2625325, at *4 (D.N.J. May 9, 2016) (citing *Boyce v. Eggers*, 513 F. Supp. 2d 139, 144-45 (D.N.J. 2007)). Participation in the related police investigation also does not render a private person a state actor for purposes of § 1983. *Cf. Baack v. Rodgers*, Civ. A. No. 14-875, 2014 WL 4632380, at *1, 3 (E.D. Pa. Sept. 17, 2014) (rejecting § 1983 false arrest claim against a hospital and two of its employees who filed a police report regarding plaintiff's conduct because "reporting suspicious conduct to the police — or

answering police questions about that conduct — without more, does not transform the Hospital Defendants into state actors" (citations omitted)).

Even if the statements Wade provided were false, that alone is not sufficient to make Wade a state actor, and Thomas's § 1983 claim against him would still fail. *See Collins v. Christie*, No. 06-4702, 2007 WL 2407105, at *4 (E.D. Pa. Aug. 22, 2007) ("[E]ven if Dr. Columbo intentionally provided the false information to the police, the plaintiff would still fail to state a claim under § 1983."); *O'Neil v. Beck*, No. 04-2825, 2005 WL 2030319, at *2 (M.D. Pa. Aug. 4, 2005) (concluding that allegations that a private citizen filed a false police report and wanted to see the plaintiff arrested are "simply insufficient" to establish that the private citizen is a state actor for purposes of a claim brought pursuant to section 1983). Because Wade is not a state actor, Thomas's claims against him under § 1983 must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. As it appears that any attempt to amend his claims against Wade would be futile, the Court will dismiss Thomas's claims against Wade with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend " unless amendment would be inequitable or futile.")[3]

### B.   Claims Against Defendants Knoblauch and Huntsinger

#### 1. Official Capacity Claims

In drafting his Complaint, Thomas checked the boxes on the form he used indicating that he seeks to name Spring Township Police Officer Knoblauch and Police Detective Huntsinger in their official capacities only. Official capacity claims asserted against municipal employees such

---

[3] Thomas did not name Diamond Federal Credit Union as a defendant. However, in his prayer for relief, Wade "ask[s] to let the claim be filed against [Wade's] Employer." (Compl. at 9). To the extent Thomas seeks to name Diamond as an additional defendant, the claim is not plausible. Like Wade, Diamond is a private entity, not a state actor.

as police officers are really claims against the governmental entity itself, the Township of Spring. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' ") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*.

Municipalities and their officials may be liable as "persons" under § 1983, however, this liability extends only to "their own illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)); *see Monell*, 436 U.S. at 665-83. This limitation is based on the well-established principle that municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick*, 563 U.S. at 60; *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable solely because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.") (emphasis in original). Because there is no *respondeat superior* for municipal liability under § 1983, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

To the extent Thomas seeks to bring a claim directly against the Township of Spring[4] or official capacity claims against Knoblauch and Huntsinger, because he has not identified a policy

---

[4] Thomas did not list the Township of Spring as a Defendant but asks the Court "to let the [claim] be filed" against the Township of Spring Police Department as Knoblauch and

6

or custom of the Township of Spring that allegedly caused him to suffer a constitutional injury, the claims are not plausible. Accordingly, the official capacity claims against Knoblauch and Huntsinger will be dismissed without prejudice.

### 2. Individual Capacity Claims

Although he only checked official capacity boxes, the Court construes Thomas's Complaint liberally and will consider whether he may purse claims against Knoblauch and Huntsinger in their individual capacities. Although Thomas cites various constitutional provisions,[5] his claims are best analyzed as a Fourth Amendment malicious prosecution claims.[6]

---

Huntsinger's employer. (Compl. at 9). To the extent Thomas seeks to name the Township of Spring Police Department as a defendant, a police department is not a separate legal entity subject to suit. *See Martin v. Red Lion Police Dept.*, 146 F. App' x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)). Thus, the Court interprets Thomas's statement as an attempt to assert a claim against the Township of Spring.

[5] Thomas specifically refers to the equal protection clause of the Fourteenth Amendment. (Compl. at 6.). "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To establish an equal protection violation, Thomas must allege that he was treated differently than other similarly situated individuals, and that this different treatment was the result of intentional discrimination based on his membership in a protected class. *Mack v. Warden Loretto FCI*, 839 F.3d 286 (3d Cir. 2016) (citing *Hassan v. City of New York*, 804 F.3d 277, 294, 298 (3d Cir. 2015)). The Complaint contains no allegations that would make an equal protection claim plausible.

[6] The United States Court of Appeals for the Third Circuit has recognized that "[t]he dividing line between false arrest/imprisonment claims and malicious prosecution claims is the initiation of legal process. Arrests made pursuant to a 'validly issued – if not validly supported – arrest warrant' generally occur after the institution of legal process and, thus, sound in malicious prosecution rather than false arrest or imprisonment." *Noviho v. Lancaster Cty. of Pennsylvania*, 683 F. App'x 160, 166 (3d Cir. 2017) (quoting *Myers v. Koopman*, 738 F.3d 1190, 1195 (10th Cir. 2013)); *see also Johnson v. United States*, 852 F. App'x 645, 647 (3d Cir. 2021) (*per curiam*) ("[T]he Magistrate Judge correctly concluded that because Johnson was arrested

*See generally Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." (internal quotations omitted)); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (discussing the "more-specific-provision rule" pursuant to which claims should be analyzed under the standards relevant to the more specific provision of the Constitution under which that claim falls, rather than under the Due Process Clause as a catch all).

To assert a plausible Fourth Amendment malicious prosecution claim, a plaintiff must allege: "'(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.'"). *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (quoting *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007). In addition, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S.

---

pursuant to a warrant, his claims for false arrest and false imprisonment were, in essence, malicious prosecution claims."). Thomas does not dispute that he was arrested pursuant to a warrant after the filing of an affidavit of probable cause and criminal complaint, and as such, his claims are properly analyzed as malicious prosecution claims.

477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck* 512 U.S. at 487. *Heck* applies to bar a constitutional claim for malicious prosecution since an element of that claim is that the criminal prosecution ended in favor of the civil rights plaintiff. *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016).

Thomas does not allege that the underlying criminal proceeding ended in his favor, nor does he provide a short and plain statement showing an entitlement to relief as required by Federal Rule of Civil Procedure 8 with regard to the outcome of the eight charges that were lodged against him. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (setting forth the requirements of Rule 8). A review of the publicly available criminal docket reflects that Thomas plead guilty to one count of forgery and related conspiracy but that the remaining counts against him were dismissed. It is not clear from the Complaint whether Thomas is asserting claims based on the facts underlying his guilty plea or related to the charges against him that were ultimately dismissed. As such, the Court cannot discern whether success in this forum would necessarily implicate the validity of Thomas's conviction and sentence. The Court will accordingly dismiss Thomas's claims against Knoblauch and Huntsinger without prejudice and with leave to amend if the defects identified can be cured.

## IV.        CONCLUSION

For the foregoing reasons, the Court will dismiss Thomas's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court will dismiss all claims against Defendant Wade with prejudice because the defects in those claims cannot be cured.  Thomas's remaining claims will be dismissed without prejudice to allow amendment in the event that he can allege sufficient facts to cure the defects identified in those claims.  Cognizant of Thomas's *pro se* status, the Court will grant Thomas an opportunity to "flesh out [his] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [his] claim."  *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at * 4 (D.N.J. Oct. 16, 2019).  Any amended complaint should clearly describe the factual basis for Thomas's claims against the relevant defendant or defendants and how each defendant was involved in the alleged denial of his constitutional rights.  An appropriate Order follows.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**