IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAVIS LEE THOMAS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-0078 |
| | : | |
| DANIEL WADE, *et al.*, | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 28ᵗʰ day of March, 2022, upon consideration of Plaintiff Travis

Thomas's Motion to Proceed *In Forma Pauperis* (ECF Nos. 3 and No. 5), his Prisoner Trust

Fund Account Statement (ECF No. 4), and his *pro se* Complaint (ECF No. 1), it is **ORDERED**

that:

1.      Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.      Travis Lee Thomas, #EW-2301, shall pay the full filing fee of $350 in

installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The Court

directs the Superintendent of SCI Smithfield or other appropriate official to assess an initial

filing fee of 20% of the greater of (a) the average monthly deposits to Thomas's inmate account;

or (b) the average monthly balance in Thomas's inmate account for the six-month period

immediately preceding the filing of this case.  The Superintendent of SCI Smithfield or other

appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to

this Order to the Court with a reference to the docket number for this case.  In each succeeding

month when the amount in Thomas's inmate trust fund account exceeds $10.00, the

Superintendent of SCI Smithfield or other appropriate official shall forward payments to the

Clerk of Court equaling 20% of the preceding month's income credited to Thomas's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3.       The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Smithfield.

4.       The Complaint is **DEEMED** filed.

5.       The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum as follows:

   a.  All claims against Daniel Wade are **DISMISSED WITH PREJUDICE**.

   b.  All remaining claims are **DISMISSED WITHOUT PREJUDICE**.

6.       The Clerk of Court is **DIRECTED** to terminate Daniel Wade as a Defendant.

7.       Thomas may file an amended complaint within thirty (30) days of the date of this Order to attempt to cure the defects identified by the Court in the claims dismissed without prejudice.  Thomas may not reassert a claim already dismissed with prejudice.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Thomas's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting his amended complaint, Thomas should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8.      The Clerk of Court is **DIRECTED** to send Thomas a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Thomas may use this form to file his amended complaint if he chooses to do so.[1]

9.      If Thomas does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate."  (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703– 04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

10.     If Thomas fails to file any response to this Order, the Court will conclude that Thomas intends to stand on his Complaint and will issue a final order dismissing this case.[2]  *See*

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required

*Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be

inferred from inaction after issuance of an order directing him to take action to cure a defective

complaint).

BY THE COURT:

                              /s/ John M. Gallagher
                              JOHN M. GALLAGHER
                              United States District Court Judge

---

when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App' x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).